1   Thomas C. Seabaugh, Esq., SBN 272458
2   THE LAW OFFICE OF THOMAS C. SEABAUGH
    333 South Grand Avenue, 42nd Floor
3   Los Angeles, California 90071
    Telephone: (213) 225-5850
4   Email: tseabaugh@seabaughfirm.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JEFRICK BARRIOS,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES;<br>and DOES 1-10, identities unknown,<br><br>        Defendants, | Case No.: 2:24-cv-1914<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—<br>Unreasonable Seizure of Person<br>(42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive<br>Force<br>(42 U.S.C. § 1983)<br>3. Fourth Amendment—Interference<br>With Medical Care<br>(42 U.S.C. § 1983)<br>4. False Arrest Without Warrant<br>(California Law)<br>5. Negligence<br>(California Law)<br>6. Battery<br>(California Law)<br>7. California Civil Code §52.1<br>(California Law)<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

Plaintiff JEFRICK BARRIOS ("Plaintiff"), for his complaint against the CITY OF LOS ANGELES (the "City"), and Does 1-10 (all together, "Defendants"), alleges as follows:

## **INTRODUCTION**

1.     This civil rights and state law action against the City of Los Angeles and a number of its law enforcement officers arises from a police dog attack based on an apparent case of mistaken identity.

2.     Plaintiff Jefrick Barrios, a professional film stunt worker, was sleeping in a car in August 2023 when a police dog jumped through the window and bit his hand. Mr. Barrios was sleeping in a car that particular night with the windows down because there was a COVID infection indoors. He was given no warning and was asleep at the time of the attack. Mr. Barrios was innocent – he was not the person for whom Los Angeles Police Department officers were evidently searching.

3.     The injustice to Mr. Barrios was compounded by the officers' stubborn refusal to admit their mistake, even after it should have been clear that he was not the person the officers were looking for. After he was seriously injured by the police dog, the officers detained and arrested him and transported him to a hospital. But at the hospital, the officers prematurely signed him out over his objection, transporting him from the hospital to a police station, from which he was eventually discharged without any apology. Has never been charged with any crime.

4.     Mr. Barrios underwent medical treatment and evaluation on his injured hand, and treatment and evaluation are ongoing. He faces a long road to recovery. Because of the nature of his work, this injury has directly resulted in lost wages and employment opportunities, in addition to the obvious physical pain and discomfort.

5.      As an innocent person who the officers had no plausible reason to suspect of any crime, Mr. Barrios alleges that the officers violated his Fourth and Fourteenth Amendment rights to be free from warrantless detention and arrest without probable cause or reasonable suspicion; from excessive force; and from unreasonable interference with his medical care. He also asserts parallel rights under California law.

6.      As a civil rights action that seeks to vindicate fundamental democratic and constitutional rights and redress the violation of these rights by law enforcement, this lawsuit is in the public interest.

## **PARTIES**

7.      Plaintiff resides in the City of Houston in the state of Texas. The circumstances and events giving rise to this action occurred in the City of Los Angeles.

8.      Plaintiff sues in his individual capacity for violations of his own rights and harm that he suffered personally.

9.      At all relevant times, the individuals sued by fictitious names as Does 1-10 were agents or employees of the City of Los Angeles or the Los Angeles Police Department ("LAPD"). At all relevant times, they were acting under color of law within the course and scope of their duties with respect to their employer. Alternatively, upon information and belief, to the extent that the City of Los Angeles did not directly employ these defendants, these defendants were acting as agents of the City of Los Angeles at all relevant times and subject the direction and control of the City of Los Angeles. These defendants proximately caused Plaintiff's damages by engaging in, integrally participating in, or failing to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

10.     Defendant City of Los Angeles is responsible for Plaintiff's injuries by virtue of statutory indemnity and vicarious liability. At all relevant times, Defendant City of Los Angeles was a duly organized public entity, existing under the laws of the State of California. Defendant City of Los Angeles is a chartered subdivision of the State of California with the capacity to sue and be sued.

11.     Upon information and belief, in doing the acts and failing and omitting to act as hereinafter described, Does 1-10 were acting on the implied and actual permission and consent of the City of Los Angeles.

12.     The true names of Defendants Does 1-10 are unknown to Plaintiff, who therefore sues these defendants by fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13.     Defendants Does 1-10 are directly liable for Plaintiff's injuries under state and federal law and are sued in their individual capacities for damages only.

## JURISDICTION AND VENUE

14.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.     The foregoing allegations are incorporated as if re-alleged herein.

17.     As stated above, this lawsuit arises from a police use of force and an apparent case of mistaken identity. Mr. Barrios, a completely innocent person who was targeted by mistake, was subjected to a use of force, including bites from a police dog, on or about August 4, 2023. Mr. Barrios alleges that he was subjected to excessive force, wrongly detained, and falsely arrested. He further alleges that officers unreasonably interfered with the provision of medical care subsequent to the arrest and use of force.

18.     Mr. Barrios resides in Texas. On the date of the incident, Mr. Barrios was visiting California for work, and he was sleeping in a car outside his friend's residence in Los Angeles. He was sleeping in a car because there was someone sick in the house, and he did not want to risk catching COVID by sleeping indoors. The house is located at 3703 S. Bentley Avenue, Los Angeles, CA. 90034.

19.     Mr. Barrios was startled out of his sleep by an attack by a police dog, which entered the car through an open window. The dog bit his hand and caused a serious injury. Mr. Barrios was completely innocent and had committed no crime.  He was not given any warning and he was sleeping before he was attacked.

20.     After being subjected to a use of force, Mr. Barrios was detained an arrested. He truthfully answered the officers' questions and confirmed that he was not the person the officers were apparently looking for. Nevertheless, the officers refused to release him, despite the fact that he committed no crime and had given the police no reason to suspect him of committing any crime.

21.     Mr. Barrios was treated on the same day at Southern California Hospital for his injuries. Against his wishes, officers prematurely removed him from the hospital, unreasonably obstructing and interfering with his medical care. There was no justification for this, especially since he was innocent of any crime and had been targeted and arrested by mistake.

22.     Ultimately, the officers released Mr. Barrios, who has since returned to Texas.

23.     Mr. Barrios's injuries and damages include, without limitation, his physical injuries, including the injury to his hand, together with medical evaluation and treatment; disability; lost wages and employment opportunities; trauma; mental suffering; inconvenience; anxiety; ordeal; humiliation; loss of enjoyment of life; scarring; and emotional distress—in each instance, both past and future. In addition, he seeks costs, statutory damages, punitive damages, and attorneys' fees.

24.     Mr. Barrios timely presented his claim to the City of Los Angeles within six months of the incident under California Government Code Section 910.4 *et seq* on January 9, 2024. On February 1, 2024, the City of Los Angeles rejected the claim (City Claim No. C24-05148). This lawsuit is being initiated timely within six months of the rejection of the claim.

## FIRST CLAIM FOR RELIEF
### Fourth Amendment – Unreasonable Seizure of Person
### (42 U.S.C. § 1983)
### (Against Does 1-10)

25.     The foregoing allegations are incorporated as if re-alleged herein.

26.     The acts of Defendants Does 1-10 deprived Plaintiff of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, these Defendants violated Plaintiff's right to be free from arrest without probable cause and detention without reasonable suspicion under the Fourth and Fourteenth Amendment to the U.S. Constitution.

27.     The conduct of these Defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

28.     Upon information and belief, each of these defendants integrally participated or failed to intervene in the complained-of conduct of the others.

29.     Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment – Excessive Force**

**(42 U.S.C. § 1983)**

(Against Does 1-10)

30.     The foregoing allegations are incorporated as if re-alleged herein.

31.     The acts of Does 1-10 deprived Plaintiff of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, these Defendants violated Plaintiff's right to be free from excessive force under the Fourth and Fourteenth Amendments to the U.S. Constitution.

32.     The conduct of these Defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

33.     Upon information and belief, each of these Defendants integrally participated or failed to intervene in the complained-of conduct of the others.

34.     Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Fourth Amendment – Unreasonable Interference With Medical Care**

**(42 U.S.C. § 1983)**

(Against Does 1-10)

35.     The foregoing allegations are incorporated as if re-alleged herein.

36.     The acts of Does 1-10 deprived Plaintiff of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, these Defendants violated Plaintiff's right to be free from unreasonable interference with his medical care under the Fourth and Fourteenth Amendments to the U.S. Constitution.

37.     The conduct of these Defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

38.     Upon information and belief, each of these Defendants integrally participated or failed to intervene in the complained-of conduct of the others.

39.     Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**False Arrest Without Warrant (California Law)**

(Against All Defendants)

40.     The foregoing allegations are incorporated as if re-alleged herein.

41.     Defendants Does 1-10 detained and arrested Mr. Barrios without a warrant and absent circumstances that would justify a warrantless detention or arrest.

42.     The conduct of these Defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

43.     Defendant City of Los Angeles is vicariously liable for the wrongful acts of these Defendants pursuant to section 8l5.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

44.     Plaintiff seeks compensatory damages and punitive damages under this claim.

**FIFTH CLAIM FOR RELIEF**

**Negligence (California Law)**

(Against All Defendants)

45.     The foregoing allegations are incorporated as if re-alleged herein.

46.     Defendants Does 1-10 had a duty, at a minimum, to conform their conduct to that of reasonably careful and prudent police officers.

47.     In committing the above-described acts and omissions, the conduct of these defendants fell below that of reasonably careful and prudent police officers.

48.     The conduct of Does 1-10 fell below that standard of care, including in the deployment of the police dog, the failure to control the police dog, the failure to stop the police dog from causing Plaintiff's injuries, the failure to recognize that Plaintiff was not the person they were searching for, the premature removal of Plaintiff from the hospital, well as the tactics and decisions leading up to and during this conduct.

49.     As a result of the negligence of these defendants, Plaintiff was harmed.

50.     The conduct of these defendants, and each of them, was a substantial factor in causing harm to Plaintiff.

51.     The conduct of these defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

52.     The City of Los Angeles is vicariously liable for the wrongful acts of Defendants Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

53.     Plaintiff seeks compensatory damages and punitive damages under this claim.

## SIXTH CLAIM FOR RELIEF

### Battery by Law Enforcement Officer (California Law)

(Against All Defendants)

54.     The foregoing allegations are incorporated as if re-alleged herein.

55.     The conduct of Defendants Does 1-10 described above constitutes battery by a law enforcement officer under California law because the force used was objectively unreasonable under the circumstances.

56.     The conduct of these Defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

57.     The City of Los Angeles is vicariously liable for the wrongful acts of Defendants Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

58.     Plaintiff seeks compensatory damages and punitive damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### California Civil Code §52.1 – Bane Act (California Law)

(Against Defendants Does 1-10)

59.     The foregoing allegations are incorporated as if re-alleged herein.

60.     California Civil Code Section 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by violence, threats, intimidation, or coercion.

61.     The acts of Does 1-10, as described above, interfered with the civil rights of Plaintiff, which are protected by both the California Constitution and the United States Constitution, including without limitation Plaintiff's rights to freedom from excessive force, from unlawful arrest, and from unjustified interference with his medical care.

62.     Does 1-10 successfully interfered with the above civil rights of Plaintiff.

63.    The conduct of these defendants was malicious, oppressive or in reckless disregard of the Plaintiff's rights, entitling Plaintiff to punitive damages.

64.    As a result of the conduct of these defendants, Plaintiff was harmed.

65.    Defendant City of Los Angeles is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

66.    Plaintiff seeks compensatory damages, statutory damages, punitive damages, and attorneys' fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and requests entry of judgment in his favor and against all defendants as follows:

A.    General and compensatory damages in an amount according to proof;

B.    Special damages in an amount according to proof;

C.    Exemplary and punitive damages against Does 1-10, in an amount according to proof;

D.    Costs of suit;

E.    Attorney fees under 42 U.S.C. § 1988; and

F.    Such other relief as may be warranted or as is just and proper.

DATED:  March 8, 2024            LAW OFFICE OF THOMAS C. SEABAUGH

By_____*s/ Thomas C. Seabaugh*_____
Thomas C. Seabaugh
Attorney for Plaintiff

1

## __DEMAND FOR JURY TRIAL__

2        Plaintiff hereby demands a trial by jury.

3

4   DATED:  March 8. 2024              LAW OFFICE OF THOMAS C. SEABAUGH

5

6                                    _____s/ Thomas C. Seabaugh_____
                                     Thomas C. Seabaugh
7                                    Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28